**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| IN RE:<br><br>**MASTER LENDING GROUP, LLC,**<br><br>  Debtor. | **CHAPTER 7**<br><br>**CASE NO. 23-40569-EJC** |
| **TIFFANY E. CARON, Chapter 7 Trustee**<br>**for the Bankruptcy Estate of**<br>**Master Lending Group, LLC**<br><br>  **Plaintiff,**<br>v.<br><br>**JUDITH HIRSCH,**<br><br>  **Defendant.** | **Adv. Pro. No. 23-04013-EJC** |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**</u>

COMES NOW Judith Hirsch ("Mrs. Hirsch", "Defendant", or "Movant") and files this Memorandum of Law in Support of her Motion to Dismiss and respectfully shows this Court as follows:

**STATEMENT OF FACTS**

**A.    Gregory Hirsch**

Gregory Hirsch ("Mr. Hirsch") is the now-deceased husband of Mrs. Hirsch. Mr. Hirsch was the 100% owner of Master Lending Group, LLC (the "Debtor" or "Master Lending"). Complaint ¶ 13. Mr. Hirsch was previously diagnosed with Lou Gehrigs Disease, or ALS. As a result, in November 2022, Mr. Hirsch executed a designation of agent ("Designation") naming Mrs. Hirsch as his agent. DN. 4. The Designation gave Mrs. Hirsch authority regarding financial

1

matters in Mr. Hirsch's life but did not specifically designate the authority to file bankruptcy for Mr. Hirsch individually or on behalf of any of his companies. Id.

### B.      The Bankruptcy Case

On July 6, 2023 (the "Petition Date"), Master Lending Group, LLC (the "Debtor") filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of United States Code (hereinafter the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Georgia, Savannah Division, Case No. 23-40569 (the "Bankruptcy Case"). Contemporaneously with the filing of the Petition, Debtor filed its *Statement of Financial Affairs* ("SOFA") and *Schedules of Assets* ("Schedules"). DN. 1. Pursuant to Section 541(a) of the Bankruptcy Code, the commencement of the Bankruptcy Case created an estate (the "Bankruptcy Estate").

Under the apparent authority granted in the Designation, Mrs. Hirsch, with the assistance of counsel, signed the Debtor's Petition, Financial Statements, and Schedules with the signature identified as "Gregory M. Hirsch (Via POA held by Judith Hirsch)." DN. 1. The Schedules stated that the Debtor had assets totaling $6,070,100.00. DN. 1. The Schedules stated that the Debtor's assets included, among other things, an "unvested, equitable interest" in a Prudential Life Insurance Policy (the "Policy"). DN. 1. Mrs. Hirsch is the named beneficiary of the Policy. Complaint ¶ 20. On August 3, 2023, Mr. Hirsch passed away invalidating the Designation. Complaint ¶ 33.

### C.      The Adversary Proceeding

On September 5, 2023, Tiffany E. Caron, as Chapter 7 Trustee in Debtor's Bankruptcy Case (the "Plaintiff" or "Trustee"), filed her Complaint initiating this Adversary Proceeding against Mrs. Hirsch ("Complaint"). AP DN. 1. Plaintiff's Complaint alleges: (i) that Mrs. Hirsch

2

has wrongfully retained the proceeds of the Policy, (ii) that the Debtors' estate has a 100% equitable interest in the Policy proceeds, and (iii) that Mrs. Hirsch holds only bare legal title to the proceeds without any equitable interest.

The claims asserted in the against Mrs. Hirsch are as follows:

i.      Count I - Determination of Validity, Priority and Extent of Liens and Interest

ii.     Count II - Turnover

iii.    Count III - Breach of Confidential Relationship and the Duty of Good Faith

iv.     Count IV - Constructive Fraud

v.      Count V - Unjust Enrichment

vi.     Count VI - Conversion (in the Alternative)

vii.    Count VII - Constructive Trust

Because all of the asserted claims fail as a matter of law, Mrs. Hirsch brings this motion to dismiss.

## ARGUMENT AND CITATION OF AUTHORITY

**A.      Legal Standards**

**1.**  *Fed. R. Civ. P. 8 – Pleading Standard*

Federal Rule of Civil Procedure 8(a)(2), made applicable to this adversary proceeding by Federal Rule of Bankruptcy Procedure 7008(a) (hereinafter the "Bankruptcy Rules"), provides that a plaintiff must provide at a minimum "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires a plaintiff to make factual allegations sufficient to provide the defendant with adequate notice of the claim "and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081, 1085 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L.Ed.2d 929, 940

(2007)). A complaint must "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. The pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusations." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868, 883 (2009) (citing <u>Twombly</u>, 550 U.S. at 556). "Rule 8(a) requires parties to make their pleadings straightforward so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." <u>United States v. Lockheed-Martin Corp.</u>, 328 F.3d 374, 378 (7th Cir. 2003).

**2.** *Fed. R. Civ. P. 9 – Heightened Pleading Standard*

Federal Rule of Civil Procedure 9(b) contains a heightened pleading standard that requires that fraud be alleged with particularity. To satisfy Rule 9(b)'s "particularity" standard, the Eleventh Circuit generally requires that a complaint identify: (1) the precise statements, documents or misrepresentations made; (2) the time and place of and persons responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the Defendant gained by the alleged fraud. <u>Ambrosia Coal & Const. Co. v. Pages Morales</u>, 482 F.3d 1309, 1316-17 (11th Cir. 2007; <u>see also</u> <u>U.S. ex el. Atkins v. McInteer</u>, 470 F.3d 1350, 1357 (11th Cir. 2006). Rule 9(b) requires more than conclusory allegations that certain statements were fraudulent; it requires that a complaint plead facts giving rise to an inference of fraud. <u>See</u> <u>U.S. ex rel. Clausen v. Laboratory Corp. of America, Inc.</u>, 290 F.3d 1301, 1313 (11th Cir. 2002) ("If Rule 9(b) is to carry any water, it must mean that an essential allegation and circumstance of fraudulent conduct cannot be alleged in [a] conclusory fashion . . . . [A] plaintiff . . . must offer more than "mere conjecture."). "To plead fraud with particularity a plaintiff must include the time, place and contents of the false representations, as well as the identity of the person making the misrepresentation and what [the person] obtained thereby." <u>In re McDaniel</u>, 2006 Bankr. LEXIS

4

1776 (Bankr. M.D. Fla. 2006) (citing United States ex rel. Russell v. Epic Healthcare Mgmt. Group, 193 F.3d 304, 308 (5th Cir. 1999) (internal quotations and citations omitted).

**3.** *Motion to Dismiss Standard*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the court may dismiss a complaint if it fails to state a claim upon which relief may be granted. A complaint may be dismissed either because it lacks facts or it lacks a viable legal theory. Fin. Sec. Assur., Inc. v. Stephens, Inc., 550 F.3d 1276, 1282-83 (11th Cir. 2007). Where no construction of the factual allegations of a complaint will support the cause of action, dismissal is appropriate. Campos v. I.N.S., 32 F. Supp. 2d 1337, 1343 (S.D. Fla. 1998).

When considering a motion to dismiss, the court "must accept petitioner's allegations as true." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L.Ed.2d 59, 65 (1984). However, courts are not required to accept factual claims that are internally inconsistent, facts counter to facts of which the court can take judicial notice, conclusory allegations, unwarranted deductions, or mere legal conclusions. Smedley v. Fulton Cty Sch. Dist., No. 1:09-CV-1715-HTW, 2011 U.S. Dist. LEXIS 164168, *3 (N.D. Ga. June 23, 2011). Mrs. Hirsch vehemently disputes many of the facts alleged in Plaintiff's Complaint. However, even assuming that the facts alleged are true[1], Plaintiff still has not pled a valid legal claim against Mrs. Hirsch. As such, the Court should dismiss all the claims against Mrs. Hirsch.

**4.** *Judicial Notice Standard*

"When considering a Rule 12(b)(6) motion to dismiss, the Court is normally required to limit itself to consideration of the allegations in the complaint and documents attached thereto."

---

[1] For the purposes of this Motion, Mrs. Hirsch will treat all facts alleged in Plaintiff's Complaint as true. However, this does not constitute an admission of any of the alleged facts.

Ohai v. Delta Cmty. Credit Union (In re Ohai), Nos. 12-65475-WLH, 23-5041-WLH, 2023 Bankr. LEXIS 1646, at *3 (Bankr. N.D. Ga. June 27, 2023). Generally, consideration of matters outside the complaint requires the court to "convert the motion to dismiss into one for summary judgment." Prop. Mgmt. & Invest., Inc. v. Lewis, 752 F.2d 599, 604 (11th Cir. 1985). However, there are exceptions to this general rule. Ohai v. Delta Cmty. Credit Union (In re Ohai), Nos. 12-65475-WLH, 23-5041-WLH, 2023 Bankr. LEXIS 1646, at *3 (Bankr. N.D. Ga. June 27, 2023); see also Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L.Ed.2d 179, 193 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

"In connection with a Rule 12(b)(6) motion, courts may consider beyond the pleadings matters of which the court may take judicial notice without converting the motion to one for summary judgment under Rule 56." Vogt v. Hastings (In re Hastings), Nos. 13-34506, 14-03022, 2014 Bankr. LEXIS 2319, at *9 n.1 (Bankr. N.D. Ohio May 28, 2014); see also Universal Express, Inc. v. United States SEC, 177 F. App'x 52, 53 (11th Cir. 2006). Pursuant to Federal Rule of Evidence 201[2], "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Such notice may be taken "at any stage of the proceeding." Fed. R. Evid. 201(d). "The court…must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

---

[2] Such rule of evidence is incorporated into bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 9017.

"Courts typically take judicial notice of record documents from other judicial proceedings." Griffin v. Verizon Communs. Inc., 746 F. App'x 873, 876 (11th Cir. 2018). Such documents are "public records that [are] 'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'" Horne v. Potter, 392 F. App'x 800, 802 (11th Cir. 2010) (quoting Fed. R. Evid. 201(b)).

 Bankruptcy courts in adversary proceedings have consistently taken judicial notice of documents filed in the underlying bankruptcy case, including "the contents of debtor's petition, schedules, statement of affairs, and related documents." Clark v. Reed (In re Reed), 293 B.R. 65, 69 (Bankr. D. Kan. 2003); see also Franklin Cnty. Area Dev. Corp. v. Edge Pa., LLC (In re Edge Pa., LLC), 580 B.R. 120, 124 (Bankr. M.D. Pa. 2017); see also Vogt v. Hastings (In re Hastings), Nos. 13-34506, 14-03022, 2014 Bankr. LEXIS 2319, at *9 n.1 (Bankr. N.D. Ohio May 28, 2014). In fact, courts have held that "[j]udicial notice is particularly applicable to the court's own records of prior litigation closely related to the case before it." St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp., 605 F.2d 1169, 1172 (10th Cir. 1979).

It is important to note that "[d]ocuments outside the complaint may only be considered at the motion to dismiss stage to show their contents, not for the truth of matters asserted therein." Ohai, 2023 Bankr. LEXIS 1646, at *4. "Judicial notice is not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." FDIC v. O'Flahaven, 857 F. Supp. 154, 157 (D.N.H. 1994).

As such, Movant requests that the Court take judicial notice of the Schedules filed in the Bankruptcy Case and any amendments. See Bankruptcy Case No. 23-40569-EJC, Doc. No. 1. Movant does not request that the Court accept any of the assertions made in the Schedules as true.

Mrs. Hirsch requests that the Court only take notice of the fact that certain assertions were made, irrespective of their truth.

**B.      Introduction**

Under Georgia law, life insurance proceeds "shall inure exclusively to the benefit of the person for whose use and benefit such insurance is *designated in the policy*, and the proceeds thereof shall be exempt from the claims of creditors of the insured." O.C.G.A. § 33-25-11 (emphasis added). Plaintiff attempts to circumvent the well-known tenet of Georgia law that life insurance policy proceeds belong exclusively to the beneficiary named in the policy and are exempt from the claims of creditors of the insured.

It is well settled Georgia law that "the named beneficiary in a life insurance policy becomes vested with title to the insurance proceeds upon the death of the insured." Aetna Life Ins. Co. v. Harley, 365 F. Supp. 1210, 1214 (N.D. Ga. 1973). Plaintiff acknowledges throughout the complaint that Mrs. Hirsch is the designated beneficiary on the Policy. Compl. ¶ 20. Plaintiff does not contest Mrs. Hirsch's status as named beneficiary. In fact, Plaintiff admits that, as a result of Mrs. Hirsch's status as beneficiary, Mrs. Hirsch holds legal title to the proceeds. Compl. ¶ 39. The Policy proceeds vested in Mrs. Hirsch upon the death of Mr. Hirsch. Plaintiff has provided no valid legal argument, nor can she, as to why the Policy proceeds constitute property of the Bankruptcy Estate.

Even the Schedules, which Plaintiff largely bases her claim on, clearly identify Mrs. Hirsch as the beneficiary of the Policy. DN. 1. Plaintiff cites to the Schedules for the statement that Debtor holds an "'unvested, equitable interest' in the Policy." Compl. ¶ 24. However, Plaintiff's Complaint carefully omits the full text of that small statement. The full statement in the Schedules is as follows: "Unvested, Equitable Interest in Prudential Life Insurance Policy (Judith Hirsch,

Beneficiary)." In short, the Schedules themselves reflect Mrs. Hirsch's legal rights to the proceeds of the Policy. Regardless, the Schedules have no legal significance as to the distribution of the Policy proceeds.

Under Georgia Law, the proceeds of a life insurance policy are governed by the terms of the contract between the insured and the insurance company. See Smith v. Locomotive Eng'rs Mut. Life & Acci. Ins. Ass'n, 138 Ga. 717, 76 S.E. 44 (1912). In Loyd v. Loyd, the Georgia Supreme Court upheld the right of the beneficiary named in a life insurance policy to collect the insurance proceeds from the policy. Loyd v. Loyd, 203 Ga. 775, 48 S.E.2d 365 (1948).

In Loyd, the insured, while unmarried, took out a life insurance policy and named his mother as beneficiary. Id. Subsequently, the insured married the plaintiff. Id. at 778. The plaintiff claimed that the insured induced her to marry him on the promise that he would make her the beneficiary of the policy. Id. When the insured died, Plaintiff alleged that "he had not carried out his express intention of changing the beneficiary" to the plaintiff. Id.

The court held that "[d]uring the life of the insured [the plaintiff] could have in equity required specific performance of the contract by the insured, or may have accepted the breach and have sued for damages." Nonetheless, the Loyd Court held that upon the insured's death the policy proceeds vested in the named beneficiary and the court would not "require the mother to compensate the wife for such damage." Id. at 779-780. The court held that "mere intention will not suffice to work a change of beneficiary." Id. at 781.

Likewise, in the case at hand, the mere alleged intention of Mr. Hirsch is insufficient to deprive Mrs. Hirsch of the Policy proceeds. Mrs. Hirsch is entitled to the proceeds as a matter of law. It is important to note that Plaintiff does not even claim that Mr. Hirsch ever intended to change the beneficiary on the Policy. Such a claim would ring false.

Rather, Plaintiff claims that it was Mr. Hirsch's intention for Mrs. Hirsch, as beneficiary of the policy, to pay the proceeds of the Policy to the Bankruptcy Estate. However, even if Plaintiff's claims are true, Mrs. Hirsch is not bound by the wishes of Mr. Hirsch. As discussed in further detail below, in <u>Bennett v. Rosborough</u>, the Georgia Supreme Court refused to require the beneficiary of a life insurance policy to comply with the wishes of the insured. <u>Bennett v. Rosborough</u>, 155 Ga. 265, 116 S.E. 788 (1923)[3].

As shown below, all of Plaintiff's counts fail as a matter of law and, therefore, her Complaint should be dismissed.

**C.    All Counts of the Complaint fail to state a claim.**

When properly reviewed, each and every count of Plaintiff's Complaint fails as a matter of law.

> **1.    Count I – Plaintiff's Count I fails to state a claim upon which relief may be granted because Bankruptcy Rule 7001 does not create an independent cause of action.**

Count I of Plaintiff's Complaint alleges that "[t]he proceeds of the Policy constitute property of the Bankruptcy Estate based on the Bankruptcy Estate's 100% equitable interest therein." Compl. ¶ 45. Plaintiff requests "a determination that the Policy proceeds are 100% property of the Bankruptcy Estate." Compl. ¶ 46. Plaintiff cites her claim as being made pursuant to Bankruptcy Rule 7001(2). Compl. ¶ 46. Bankruptcy Rule 7001(2) simply states that "a proceeding to determine the validity, priority, or extent of a lien or other interest in property" is an adversary proceeding. "Rule 7001 is a procedural rule and does not provide a substantive basis for relief." <u>Day v. Agricenter Int'l, Inc. (In re Butcher Shop of Cordova, LLC)</u>, Nos. 21-22100-L, 22-

---

[3] In <u>Bennett</u>, the insured wrote a letter to the beneficiary requesting that she use the proceeds to pay certain specified debts of his.

00080, 2022 Bankr. LEXIS 3086, at *7 n.1 (Bankr. W.D. Tenn. Oct. 26, 2022). The Court should dismiss Plaintiff's Count I because it is based upon a procedural rule that does not constitute a cause of action.

A request for the court to determine ownership of certain property pursuant to Bankruptcy Rule 7001 is a request pursuant to "a procedural rule which itself does not provide grounds for a cause of action." See Bailey v. Amaro (In re Amaro), No. 20-96021, 2020 Bankr. LEXIS 2399 (Bankr. N.D. Ill. Sep. 11, 2020 (citing United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 272, 130 S. Ct. 1367, 1378, 176 L.Ed.2d 158, 170 (2010)). The court in In re Amaro held that the plaintiff's claim pursuant to Bankruptcy Rule 7001 "manifestly fail[ed] to describe an actionable claim" and "therefore, must be dismissed."  Count I of Plaintiff's Complaint fails to state an actionable claim and should be dismissed.

### 2. Count II – Plaintiff's Count II fails to state a claim upon which relief may be granted because turnover actions under Bankruptcy Code § 542 are limited to recovering property that is indisputably part of the bankruptcy estate.

Pursuant to Count II of the Complaint, Plaintiff requests that Mrs. Hirsch be required to "turn over the Policy proceeds to Plaintiff, or direct Pruco to do so, pursuant to 11 U.S.C. § 542." Bankruptcy Code § 542(a) states in relevant part:

> An entity…in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease…, shall deliver to the trustee, and account for, such property or the value of such property.

11 U.S.C. § 542.

Turnover proceedings under Bankruptcy Code § 542 "are strictly limited to actions to recover property that is indisputably part of the estate." Scarver v. Ellis (In re McKeever), 567 B.R. 652, 663 (Bankr. N.D. Ga. 2017). "[A] turnover action is not the appropriate tool for acquiring the right to use or possess property if the debtor's right to use or possess the property is subject to

dispute." Id. "Turnover is not intended as a remedy to determine disputed rights of parties to property." In re SUNCOAST TOWERS S. Assocs. v. Menada, INC., Chapter 11, Bankruptcy No. 98-10537-BKC-AJC, Adversary No. 98-1451-BKC-AJC-A, 1999 Bankr. LEXIS 770, at *30 (Bankr. S.D. Fla. June 17, 1999). "Congress envisioned the turnover provision of § 542 of the Code…to apply to tangible property and money due to the debtor without dispute which are fully matured and payable on demand." In re Charter Co., 913 F.2d 1575, 1579 (11th Cir. 1990).

Plaintiff's claim to the Policy proceeds is not without dispute. "Unless there is no question remaining as to the liability of the defendant to the estate, e.g., a final judgment from a court of competent jurisdiction or a stipulation by the defendant, it cannot be said that no dispute exists." In re Satelco, Inc., 58 B.R. 781, 786 (Bankr. N.D. Tex. 1986). "Turnover pursuant to Section 542 is not an available cause of action to resolve disputed property rights." Las Vegas Casino Lines, LLC v. Abbott (In re Las Vegas Casino Lines, LLC), 454 B.R. 223, 226 (Bankr. M.D. Fla. 2011). As the parties to this proceeding dispute whether the Bankruptcy Estate holds any interest in the Policy proceeds, "[s]ection 542 does not provide an available remedy to Plaintiff." Id. Plaintiff is not entitled to the turnover of the disputed Policy proceeds.

Plaintiff's Complaint is based entirely upon the Debtor's Schedules. Specifically, the Schedules stated that the Debtor had an "unvested, equitable interest" in the Policy. The Schedules also stated that Mrs. Hirsch is the named beneficiary. The Complaint itself also acknowledges that Mrs. Hirsch is the legal owner of the proceeds of the Policy because she is the beneficiary of the Policy. Complaint at ¶ 20. This means that the Plaintiff asserts that Mrs. Hirsch is required to "turn over" property which is legally her asset.

The turnover claim under Bankruptcy Code § 542 is designed to allow a trustee to recover an asset of the estate held by another. Scarver v. Ellis (In re McKeever), 567 B.R. 652 (Bankr.

N.D. Ga. 2017). Bankruptcy Code § 542 does not require a third party to turn over property to a trustee where that property is legally and lawfully the property of that third party. As set forth in this Brief, all the Plaintiff's claims fail. Plaintiff's turnover claim fails.

### 3. Count III - Plaintiff lacks standing to bring an action for breach of a confidential relationship between Mr. and Mrs. Hirsch because Plaintiff is not a party to that relationship.

Count III of Plaintiff's Complaint attempts to assert a claim for breach of a confidential relationship and a duty of good faith. The confidential relationship that Plaintiff alleges to have been breached is between Mr. and Mrs. Hirsch. Plaintiff is not a party to Mr. and Mrs. Hirsch's relationship. Therefore, Plaintiff lacks standing to bring a claim based on their alleged confidential relationship.

In Ford v. Reynolds, the Georgia Court of Appeals held that a third party to a fiduciary relationship did not have standing to bring a claim for breach of a fiduciary duty. Ford v. Reynolds, 315 Ga. App. 200, 726 S.E.2d 687 (2012). The facts of Ford are analogous to the case at hand. Id. The defendant, Reynolds, held power-of-attorney for the decedent, Mobley. Id. at 200. Several days before Mobley passed, Reynolds changed the beneficiary on Mobley's IRA account from Ford, the plaintiff, to Mobley's estate. Id. at 201. Upon learning she had been removed as beneficiary, Ford sued Reynolds for breach of her duty to Mobley under the power of attorney. Id. at 202. Ford claimed that "Reynolds breached her obligations to Mobley by using the power of attorney to defeat Mobley's gifts to Ford." Id. The court granted summary judgement to Reynolds and held that "Ford lacked standing to bring a claim against Reynolds for any duty Reynolds owed to Mobley." Id.

Similarly, in the case at hand, Plaintiff has no standing to bring a claim against Mrs. Hirsch for any duty she may have owed to Mr. Hirsch. As such, the Court should dismiss Plaintiff's claim for breach of a confidential relationship as set forth in Count III.

**4. Count IV - Plaintiff's Count IV fails to state a claim for constructive fraud because Mrs. Hirsch did not make a false statement of fact, Plaintiff did not rely on the statement, and Plaintiff did not suffer damages as a result of any reliance.**

Pursuant to Count IV, Plaintiff alleges a claim of constructive fraud. O.C.G.A. § 23-2-51(b) states, in relevant part, as follows: "[c]onstructive fraud consists of any act of omission or commission, contrary to legal or equitable duty, trust, or confidence justly reposed, which is contrary to good conscience and operates to the injury of another." Constructive fraud "exists only as an equitable doctrine and will not support an action in tort for damages." S. Disc. Co. v. Kirkland, 181 Ga. App. 263, 268, 351 S.E.2d 685, 690 (1986).

Under Georgia law, "[t]he five essential elements required to prove fraud are: a false representation made by the defendant, scienter, an intention to induce the plaintiff to act or refrain from acting in reliance upon the defendant's representation, justifiable reliance by the plaintiff, and damage to the plaintiff as a proximate result of the representation." Bramblett v. Bass, 189 Ga. App. 10, 11, 375 S.E.2d 106, 108 (1988). However, Georgia courts have held that a claim for *constructive* fraud does not require a showing of scienter. Brookshire v. Digby, 224 Ga. App. 512, 516, 481 S.E.2d 250, 254 (1997).

While an action for constructive fraud does away with the requirement for scienter, it does not excuse the other elements of a fraud claim. Eason Publ'ns v. Nationsbank of Ga., 217 Ga. App. 726, 730, 458 S.E.2d 899, 903 (1995). "To establish a constructive fraud claim in Georgia, a plaintiff must establish the following elements: (1) a false representation by defendant; (2) an intent by defendant to induce plaintiff to act or to refrain from acting; (3) justifiable reliance by

14

plaintiff; and (4) damage to plaintiff." <u>United States Vinyl Mfg. Corp. v. Colour & Design, Inc.</u>, No. 4:12-CV-00217-HLM, 2013 U.S. Dist. LEXIS 204136, *35 (N.D. Ga. Mar. 25, 2013).

Plaintiff's Complaint alleges that "when Mrs. Hirsch filed Debtor's Fourth Schedules, Mrs. Hirsch falsely represented that Debtor no longer maintained an interest in the Policy. Mrs. Hirsch also falsely represented herself as Mr. Hirsch's agent, despite the fact that her power of attorney expired at the time of Mr. Hirsch's death" (the "Representations"). Compl. ¶ 64. Plaintiff states that these alleged "actions of Mrs. Hirsch constitute constructive fraud." Compl. ¶ 66. Plaintiff claims that "[t]he Bankruptcy Estate has sustained and will continue to sustain loss and damage as the proximate result of Mrs. Hirsch's constructive fraud." Compl. ¶ 67.

As discussed above, claims of fraud face a heightened pleading standard and are required to be plead with particularity. Fed. R. Civ. P. 9(b). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Iqbal</u>, 556 U.S. 662, 678. Plaintiff merely makes a conclusory statement that the Representations constitute constructive fraud without pleading specific facts to support the elements of a constructive fraud claim.

The first element of a claim for constructive fraud requires a false representation by the defendant. <u>United States Vinyl</u>, 2013 U.S. Dist. LEXIS 204136 at *35. However, the Representations that Plaintiff bases her claim for constructive fraud upon are not statements of fact. Rather they are legal conclusions. The Georgia Supreme Court has held that "[m]isrepresentations as to a question of law cannot constitute remediable fraud, because everyone is presumed to know the law and therefore cannot in legal contemplation be deceived by erroneous statements of law, and such representations are ordinarily regarded as mere expressions of opinion." <u>Sorrells v. Atlanta Transit System, Inc.</u>, 218 Ga. 623, 628, 129 S.E.2d 846, 850 (1963).

The Schedules as originally filed stated that Debtor held an "unvested, equitable interest" in the Policy and that Mrs. Hirsch was the beneficiary. No Court has determined that the Debtor actually owns an equitable interest in the Policy.[4] Therefore, the Debtor's Schedules reflect the Debtor's *opinion* that Debtor holds an equitable claim to the Policy. But the Schedules further acknowledge that such a claim of equitable ownership is not established because any such claim of right is *unvested*. In short, Debtor's statements on the Schedules are an opinion. Moreover, they are an opinion on a question of law.

Plaintiff alleges that Mrs. Hirsch made a false representation that the bankruptcy estate does not maintain an equitable interest in the Policy. This is a legal conclusion, not a statement of fact.[5] As such, the Representations are an insufficient basis to support a claim of constructive fraud. Plaintiff has not sufficiently plead the first element of a claim for constructive fraud (i.e., a false statement of fact), and the Court should dismiss such claim.

Furthermore, Plaintiff's Complaint also overlooks another fatal flaw on all its claims. Plaintiff's constructive fraud claim, in particular, is based upon Debtor's Schedules. The Schedules are signed "Gregory M. Hirsch (Via POA held by Judith Hirsch)." Mrs. Hirsch did not sign the schedules in her personal capacity and is not individually bound by any statement in Debtor's Schedules. Mr. Hirsch signed the Debtor's petition and original schedules via the Designation held by Mrs. Hirsch. That Designation authorized Mrs. Hirsch to sign documents on behalf of her

---

[4] The contract between the life insurance company and the insured governs the interest in the Policy proceeds. Mrs. Hirsch was the named beneficiary. The Policy proceeds fully vested in Mrs. Hirsch upon Mr. Hirsch's death to the exclusion of any other claims of interest as a matter of contract. Thus, a representation that the Bankruptcy did not maintain an interest in the proceeds of the policy is not false.

[5] "Unwarranted deductions of fact in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260, 22 Fla. L. Weekly Fed. C 60 (11th Cir. 2009).

16

husband. Under these facts, it is clear that Mrs. Hirsch was acting only on behalf of her husband when she signed the Petition and original Schedules. Mrs. Hirsch is not personally bound by any actions she made as Representative. All statements in the Schedules are those of Mr. Hirsch, not Mrs. Hirsch. Plaintiff has thus failed to establish that Mrs. Hirsch, in her personal capacity, made a false statement. On this ground, as well as the fact that the Representations are merely legal conclusions, Plaintiff has failed to establish the first element of constructive fraud.

Plaintiff also failed to plead the remaining elements of a constructive fraud claim. The second element of constructive fraud requires that the defendant intend "to induce plaintiff to act or to refrain from acting." United States Vinyl, 2013 U.S. Dist. LEXIS 204136 at *35. Plaintiff does not claim or allege any facts that would support a claim that Ms. Hirsch intended to induce Plaintiff to act or refrain from acting on the Representations.

The third element of a constructive fraud claim requires Plaintiff to have justifiably relied on misrepresentations. United States Vinyl, 2013 U.S. Dist. LEXIS 204136 at *35. Plaintiff did not act in reliance on the Representations. Plaintiff does not even allege that she relied on any Representations of Mrs. Hirsch. Therefore, Plaintiff's constructive fraud claim fails.

Even if Plaintiff had relied on the Representations, Plaintiff's reliance would not have been justifiable. In order for reliance to be justifiable, Plaintiff must have had no knowledge that the representation was false at the time Plaintiff relied on it. Gaultney v. Windham, 99 Ga. App. 800, 806, 109 S.E.2d 914, 918 (1959). Plaintiff immediately disputed the Representations. Plaintiff did not ever accept the Representations as true. Therefore, Plaintiff could not have justifiably relied on the Representations.

The fourth element of a constructive fraud claim requires that Plaintiff sustain damages as a result of her reliance on the Defendant's statements. Plaintiff did not rely on the Representations

17

and thus could not have sustained any damages. Plaintiff's Complaint merely makes a conclusory statement that the Bankruptcy Estate has sustained "loss and damage as the proximate result of Mrs. Hirsch's constructive fraud." Compl. ¶ 67. Plaintiff does not allege any facts to support this statement. Plaintiff also does not specifically allege that any damages were the result of Plaintiff's reliance on the Representation. As noted above, fraud claims must be pled with particularity. Plaintiff has not and cannot establish the third and fourth elements of a constructive fraud claim.

Plaintiff has failed to successfully plead even one element of constructive fraud. Plaintiff has failed to state a claim for constructive fraud. No viable legal theory for such a claim exists. Therefore, the Court should dismiss Count IV of the Complaint for constructive fraud.

### 5. Count V - Plaintiff's Count V fails to state a claim for unjust enrichment because Plaintiff did not confer a benefit on Mrs. Hirsch.

Plaintiff's Complaint fails to state a claim for Unjust Enrichment. The Georgia Supreme Court has held that "[u]njust enrichment is an equitable concept and applies when as a matter of fact there is no legal contract. . ., but when the party sought to be charged has been conferred a benefit by the party contending an unjust enrichment which the benefitted party equitably ought to return or compensate for." St. Paul Mercury Ins. Co. v. Meeks, 270 Ga. 136, 137, 508 S.E.2d 646, 648 (1998). The Georgia Court of Appeals explained that claims for unjust enrichment are

> premised upon the principle that a party cannot induce, accept, or encourage another to furnish or render something of value to such party and avoid payment for the value received; otherwise the party has been unjustly enriched at the expense of another and, in fairness and good conscience, must reimburse the other to the extent of the value conferred.

Estate of Crook v. Foster, 333 Ga. App. 36, 39, 775 S.E.2d 286, 289 (2015).

In short, a claim of unjust enrichment requires that the plaintiff must have conferred a benefit on the defendant. Here, the Trustee does not allege that she, or the Bankruptcy Estate, conferred any benefit upon Mrs. Hirsch. Even more, the Trustee does not and cannot allege that

the Trustee conferred any benefit upon Mrs. Hirsch with the expectation that the Trustee would be compensated for any such benefit. Plaintiff cannot in good faith claim that she is entitled to compensation for a benefit she never provided, as is the nature of a claim for unjust enrichment.

In Tiller v. State Farm, the U.S. District Court for the Northern District of Georgia granted the defendant's motion to dismiss the plaintiffs' claim for unjust enrichment because the plaintiffs did not provide a benefit to the defendants. Tiller v. State Farm Mut. Auto. Ins. Co., No. 1:12-CV-3432-TWT, 2013 U.S. Dist. LEXIS 15726 (N.D. Ga. Feb. 5, 2013). In Tiller, the plaintiffs' complaint alleged that the defendants were unjustly enriched by underpaying plaintiffs for the diminished value of their automobiles and wrongfully retaining the remaining value of the diminished cars. Id. The Plaintiffs claimed that the retained value constituted a benefit to the defendant, but the court rejected this argument. Id. The plaintiffs could not "claim unjust enrichment because they never gave the [d]efendants anything of value." Id. at *18.

The *Tiller* court stated that "[t]he Plaintiffs do not allege…that they conferred a benefit on the Defendants — they only state that the Defendants withheld something from the Plaintiffs and the withholding was a benefit to the Defendants." Id. at *19. The court held that "[t]hese facts do not fit the mold of unjust enrichment." Id. The court held that "[e]ven accepting as true the allegations that the [d]efendants saved thousands of dollars by underpaying the diminished value of the respective automobiles, the [p]laintiffs cannot state a claim for unjust enrichment because they did not themselves confer a benefit upon [the defendants]." Id. at *20. The plaintiffs' complaint did not allege any instance "where the [p]laintiffs conferred things of value to the [d]efendants." Id. Accordingly, the court dismissed the plaintiffs' claim for unjust enrichment. Id.

In the present case, Plaintiff did not confer any benefit on Mrs. Hirsch. Therefore, Plaintiff may not state a claim for unjust enrichment. Plaintiff's Complaint does not allege that the

Bankruptcy Estate conferred any benefit on Mrs. Hirsch. Plaintiff simply alleges that allowing Mrs. Hirsch to retain the Policy proceeds would unjustly enrich her. As such, the Court should dismiss Plaintiff's claim for unjust enrichment.

### 6. Count VI - Plaintiff's Count VI fails to state a claim for conversion because Plaintiff does not have a property right in the Policy proceeds.

Count VI of Plaintiff's Complaint asserts a claim for conversion. Under Georgia law, conversion is a "distinct act of dominion wrongfully asserted over another's property in denial of his right, or inconsistent with it." Md. Casualty Ins. Co. v. Welchel, 257 Ga. 259, 261, 356 S.E.2d 877, 880 (1987). As Plaintiff has no right to the Policy proceeds, it is impossible for Mrs. Hirsch to covert the proceeds from Plaintiff.

Plaintiff provided no facts to support her conclusion that the Policy proceeds are the property of the Bankruptcy Estate. Rather, the facts alleged in the complaint confirm that the proceeds of the Policy are the property of Mrs. Hirsch. Specifically, Plaintiff admits that Mrs. Hirsch is named as the beneficiary on the Policy. Compl. ¶ 20. Under O.C.G.A. § 33-25-11, life insurance policies "shall inure exclusively to the benefit of the person for whose use and benefit such insurance is designated in the policy."  Therefore, under Georgia law, Mrs. Hirsch's interest in the proceeds of the Policy vested upon Mr. Hirsch's death.  See Loyd v. Loyd, 203 Ga. 775, 779 (1948). As a result, the Bankruptcy estate holds no legal interest in the proceeds. As set forth in this Brief, Plaintiff also has no valid claim that establishes an equitable right to the Policy proceeds. Therefore, Plaintiff's claim for conversion fails. The Court should dismiss Count VI.

### 7. Count VII - Plaintiff's Count VII fails to state a claim because a constructive trust is a remedy and not an independent cause of action.

Count VII of the Plaintiff's Complaint is titled "Constructive Trust" and requests the imposition of a constructive trust. Under Georgia law, "[a] constructive trust is a trust implied

whenever the circumstances are such that the person holding legal title to property, either from fraud or otherwise, cannot enjoy the beneficial interest in the property without violating some established principle of equity." O.C.G.A. § 53-12-132(a). However, constructive trust is not a cause of action. It is merely a remedy. Because Plaintiff holds no valid claim that would support imposition of a constructive trust as a remedy, the Court should dismiss Count VII of the Complaint.

The District Court for the Northern District of Georgia has held that, "[a]s correctly pled…the imposition of a constructive trust is not a separate cause of action but a remedy to prevent unjust enrichment." Arcturus Int'l LLC v. Geller-Stoff, No. 1:21-CV-5155-TWT, 2022 U.S. Dist. LEXIS 159538, *30 (N.D. Ga. Sep. 2, 2022). Likewise, the Georgia Supreme Court held that "constructive trust is a remedial device created by a court of equity in order to prevent unjust enrichment." Lee v. Lee, 260 Ga. 356, 357, 392 S.E.2d 870, 871 (1990). A constructive trust "is not an independent cause of action…, but a device by which property might be recovered if [an] unjust enrichment claim were to prevail." St. Paul Mercury Ins. Co., 270 Ga. at 137.

As discussed above, Plaintiff failed to state a claim for unjust enrichment. Thus, her argument that a constructive trust should be imposed on the Policy proceeds is untenable.

Plaintiff also seems to request the imposition of a constructive trust based on her allegations that Mr. Hirsch intended for the Policy proceeds to be distributed to the Bankruptcy Estate. Even accepting these allegations of Mr. Hirsch's intent as true, "[a] constructive trust arises not from the intent of the parties, but by equity." Aetna Life Ins. Co. v. Weekes, 241 Ga. 169, 172, 244 S.E.2d 46, 48 (1978). Intent alone, without unjust enrichment, is an insufficient ground for the imposition of a constructive trust.

21

In Bennett v. Rosborough, the Supreme Court of Georgia addressed a request for a constructive trust under circumstances that are analogous to the Trustee's allegations here. Bennett, 155 Ga. 265 (1923). The Court in Bennett refused to impose a constructive trust where the insured intended the policy proceeds to be used to pay creditors. Id. In Bennett, the deceased wrote a letter to his wife the day before his death expressing his intent for her to use the proceeds of his life insurance policy to pay his creditors. Id. at 270. The letter stated as follows:

> I have life-insurance amounting to $ 94,000. I wish and request that you will from such insurance pay Mr. Hatch $ 2500 I owe him, the Merchants Bank my portion of the debt of the American Ice Cream Company, for which Inman Curry and I are liable, retain $ 25,000, and pay over the balance to help pay the depositors of the Merchants Bank.

Id. Despite the insured's clear expression of his intent for the proceeds of the policy, the Supreme Court of Georgia held that the creditors had no interest, legal or equitable, in the policy proceeds and refused to impose a constructive trust. Id. at 274.

As noted above, Plaintiff's "constructive trust" claim in Count VII does not state an independent cause of action under Georgia law. Plaintiff holds no valid claim sufficient to impose a constructive trust as a remedy. Moreover, the Georgia Supreme Court has held that constructive trust is not an appropriate remedy under similarly alleged facts. The alleged intent of Mr. Hirsch is insufficient to support Plaintiff's claim for the imposition of a constructive trust. The Court should dismiss Count VII.

**CONCLUSION**

Plaintiff has failed to state a claim under any of the Counts alleged in her Complaint. As such, the Court should dismiss all of the Counts of Plaintiff's Complaint.

Respectfully submitted this 6th day of October, 2023.

**JONES & WALDEN LLC**

*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
Cameron M. McCord
Georgia Bar No. 143065
*Attorneys for Judith Hirsch*
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
ljones@joneswalden.com
cmccord@joneswalden.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| IN RE:<br><br>**MASTER LENDING GROUP, LLC,**<br><br>Debtor. | **CHAPTER 7**<br><br>**CASE NO. 23-40569-EJC** |
| **TIFFANY E. CARON, Chapter 7 Trustee**<br>**for the Bankruptcy Estate of**<br>**Master Lending Group, LLC**<br><br>                    **Plaintiff,**<br>v.<br><br>**JUDITH HIRSCH,**<br><br>                    **Defendant.** | **Adv. Pro. No. 23-04013-EJC** |

## CERTIFICATE OF SERVICE

I certify that the foregoing *Memorandum of Law in Support of Motion to Dismiss* (the "Memorandum") were electronically filed using the Bankruptcy Court's Electronic Case Filing program which sends a notice of and an accompanying link to the Amendment to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

- **Natalie Rowland**    nrowland@taylorenglish.com

This 6th day of October, 2023.

**JONES & WALDEN LLC**
*/s/ Leon S. Jones*
Leon S. Jones
Georgia Bar No. 003980
Cameron M. McCord
Georgia Bar No. 143065
*Attorneys for Judith Hirsch*
699 Piedmont Avenue, NE
Atlanta, GA 30308
(404) 564-9300
ljones@joneswalden.com
cmccord@joneswalden.com

24